John A. Lewis, Esq. Town Attorney, Shawangunk
You have asked whether one person may serve simultaneously as a member of a town planning board and as the town's assistant building inspector. The assistant building inspector assists in reviewing written applications to the building inspector including surveys, plats and building plans.
The planning board has responsibility for the development of the master plan which forms the basis for development in a town (Town Law, §272-a); if authorized by the town board advises other town departments and officers prior to the taking of action (id., § 274); and may be given the responsibility to approve site plans (id., § 274-a); and subdivision plans (id., § 276). The building inspector and his assistants have responsibility for the enforcement of the town's building, plumbing, electrical and housing codes; town regulations governing fire prevention and the removal or repair of unsafe buildings or collapsed structures; and the town's zoning regulations (id., § 138).
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
Neither of the positions is subordinate to the other. Additionally, we believe that the duties of the two positions are consistent. Once the planning board, for example, approves site plan or subdivision applications, the building inspector would have no authority to review these determinations. It is the responsibility of the building inspector and his assistants to make sure that all provisions of the building and zoning laws have been met, including the acquisition of all necessary approvals. We see no inconsistency between these functions and those of the planning board (see 1983 Op Atty Gen [Inf] 142).
We conclude that the positions of member of a town planning board and assistant building inspector are compatible.